IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 2411 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| WARDEN PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is about plaintiff's slip and fall due to a puddle of water and subsequent treatment for injuries to plaintiff's left side over the following two days. [Dkt. #Pars. 11-139]. Plaintiff was appointed counsel early on in this case in July of 2018. [Dkt. ##5, 7, 8]. Discovery began nearly three years ago in November of 2018. [Dkt. #16]. But, arguably, things did not really begin in earnest until plaintiff's First Amended Complaint was filed well over two years ago on May 20, 2019 [Dkt. #21]. Defendant answered on July 17, 2019 [Dkt. # 29]. The parties' initial status report of July 24, 2019 indicated that they would be taking three depositions, perhaps one or two more, and would need until September 6, 2019, for initial disclosures, until January 17, 2020, for fact discovery, and until April 8, 2020, for expert discovery. That schedule was adopted. [Dkt. ##30, 33]. A HIPAA order as entered on September 9, 2019. [Dkt. #38].

On December 3, 2019, Judge Coleman extended fact discovery three months to April 8, 2020, and struck the deadlines for expert discovery. [Dkt. #39]. On March 3, 2020, I extended the fact discovery deadline to June 8, 2020. [Dkt. #41]. The Covid-19 general orders extended that deadline to August 24, 2020. [Dkt. #52, at 1; #53]. Appointed counsel withdrew June 8, 2020. New counsel

was recruited July 10, 2020.[Dkt. #65].

Remarkably, as of September 14, 2020, the parties reported that, well over two years into the case, initial disclosures were not completed. [Dkt. #73, at 2]. That was finally taken care of by October 9, 2020, and the parties asked for yet another extension of the already lengthy discovery schedule, which was granted. Fact discovery would close April 19, 2021. Expert discovery would be completed by August 19, 2021. [Dkt. ##75, 76, 81].

At a status hearing before me on April 21, 2021, counsel for both sides appeared and indicated they were working to settle the case, but that efforts had been thwarted by a network hack of defense counsel's office's computers. I remarked that fact discovery had closed and that expert discovery should be ongoing. There had been no stay. I said "I wanted to emphasize that to [them]." Neither side expressed any problem whatsoever with the close of fact discovery or any issue with expert discovery ending in four months. [Dkt. #83].

On August 25, 2021, I held another status at which only counsel for the defendant appeared. I remarked that expert was closed. Again, no issues with any additional necessary discovery were reported. I asked, "We're all done with discovery?" Counsel answered, "Yes." She indicated she would be filing a motion for summary judgment. [Dkt. #93].

On September 9, 2021, with both fact discovery and expert discovery closed and a dispositive motion in the offing, Judge Coleman ordered the parties to file a "joint status report in the format described on the court's website at www.ilnd.uscourts.gov by close of business on September 13, 2021." [Dkt. #95]. What followed can only be described as staggering. The parties, without any explanation, reported that they intended to take written discovery and had not taken any depositions. They wanted fact discovery reopened and extended for an additional year to April 19,

2022. Expert discovery would, similarly, also be extended a year to August 19, 2022. [Dkt. #96]. Judge Coleman granted the parties three months, until December 1, 2021, in which to take plaintiff's deposition and produce medical records, and referred discovery supervision to me, with authority to adjust deadlines. [Dkt. #97].

While I have no doubt that the report filed by the parties on September 13, 2021, complies with the instructions on Judge Coleman's website, it is inadequate for present purposes. A year-long extension of discovery – let alone a reopening of fact discovery closed for four months – is an extraordinary request. Fed.R.Civ.P. 16(b)(4) allows a judge or magistrate judge to modify a discovery schedule – or, in rare case, reopen discovery – "*only* for good cause." (emphasis added). "Federal courts do not possess infinite patience, nor are the discovery tools of litigation meant to substitute for ... diligence." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021). And "diligence" is key, because any party wanting to modify a discovery schedule to reopen discovery to take depositions must show that they acted with diligence. *MAO-MSO Recovery*, 994 F.3d at 878; *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Among the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case "moving toward trial." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "[D]istrict courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012). While discretion permits a number of factors to be considered in determining whether "good cause" has been demonstrated, a busy schedule is not generally regarded as among them. *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006). The primary

3

consideration for district courts, again, is the diligence of the party, or here, parties. *Alioto*, 651 F.3d at 720.

The report to Judge Coleman makes no showing of "good cause" or diligence. A showing of "good cause" requires a particular and specific demonstration of fact as distinguished from stereotyped, uninformative, and conclusory statements. *Gulf Oil v. Bernard*, 452 U.S. 89, 102, n. 16 (1981); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 at 265 (1970). Again, that is not to say the parties failed to follow Judge Coleman's instructions – surely, they did. It is only to say that they will have to explain themselves far more thoroughly in the report they file for me by September 23rd, and a similar filing will not be acceptable. [Dkt. #99]. Based on the record thus far, it is highly unlikely that, in such an uncomplicated case that has been ongoing for over three years, I will adopt a schedule that grants a year-long discovery extension. Thus, the parties may want to think about adjusting their request before their filing on September 23rd.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/22/21